## J. L. HARRIS v. MARY E. STOCKETT.

TAXES.   *Levy on first Monday in September, 1876.   Under special act of 1876.*

A levy of taxes on the first Monday of September, 1876, under sect. 4 of the act of the 26th of February, 1876, authorizing the Boards of Supervisors to order new assessments of real estate where by them deemed necessary, was void, it being required by the provisions of that act, and of the act of 1875 referred to in sect. 4 of the act of 1876, and of sect. 1372 of the Code of 1871, that the board, having ordered such assessment, should meet on the first Monday of July, 1876, and then receive, equalize, and approve the assessment-roll and levy the taxes. And such levy was not protected by sect. 1687 of the Code of 1871.

APPEAL from the Circuit Court of Wilkinson County.

Hon. J. B. CHRISMAN, Judge.

The appeal in this case was taken from a judgment of the court below in favor of the plaintiff in an action of ejectment. The other facts of the case are stated in the opinion of the court.

*C. P. Neilson*, for the appellant.

The assessment upon which the land was sold was illegal. It was a special assessment under sect. 4 of an act of 1876. Laws 1876, p. 258. This act did not repeal or change the requirements of the act of 1875. Laws 1875, p. 50. Under sect. 4 of the act of 1876, and under the act of 1875, the Board of Supervisors was required to meet on the first Monday of July to hear objections to the assessment, and to receive or reject the roll, etc. The board signally failed to meet this

requirement of the law. Therefore the assessment-roll offered in evidence was not a legal one.

*T. V. Noland,* for the appellee.

The objection that the sale was void because the assessment-roll was not returned by the assessor on the first day of June is untenable. The assessor was not required to return the. assessment-roll until the first Monday of July. Acts 1876, sect. 4 ; Laws 1876, p. 257. On the first Monday of July, 1876, the Board of Supervisors met, and received and filed the assessment-roll, which had been returned by the assessor duly certified according to law. But if the assessor had failed to return the assessment-roll at the time required, still the sale would be valid. Code 1871, sect. 1687.

CHALMERS, C. J., delivered the opinion of the court.

Plaintiff derived title to the land sued for through a tax-sale. The assessment which was the foundation of the proceedings culminating in the sale did not take place under the· general laws, or at the regular time, but by virtue of sect. 4 of the act of February 26, 1876 (pp. 258, 259), authorizing the Boards of Supervisors of the several counties to order new assessments when deemed necessary, to serve a temporary purpose. By the provisions of that section the assessment-rolls were to be laid before the Boards of Supervisors on the first Monday in July, and then the boards were to conform their action upon them to the requirements of the act of 1875 (pp. 50, 51), by which act it is declared that the boards shall, at their July meeting, equalize and approve the rolls, and that the clerk, by the first Monday in August, shall make out and transmit the necessary copies to the tax-collector and auditor. This contemplates, of course, that the taxes shall be levied at the July meeting, as required by sect. 1372 of the Code of 1871. In other words, where any Board of Supervisors availed themselves of. the. authority of the act of 1876 (*supra*) to make a new assessment, it was bound to meet on the first Monday of July, then and there receive and equalize the assessment-roll, and levy the taxes,

in order that complete copies of the rolls might be in the hands of the tax-collector and auditor by the first Monday in August. In the case at bar, the board did meet and receive the rolls on the first Monday in July; but instead of then proceeding in accordance with the act of 1875 (*supra*), as they were required to do, they adjourned over until the first Monday in August, at which time they approved the rolls and again adjourned over to the first Monday in September, at which last-mentioned time they levied the taxes.    This was fatal; nor can their action be upheld by the provisions of sect. 1687 of the Code of 1871, which authorizes them, when some person other than the regular assessor has been appointed to make the assessment, to receive the rolls and levy the taxes at any time. Two reasons preclude the application of this section to the case in hand : First, because it does not appear that any person other than the regular assessor was appointed in this instance ; and, second, the special assessment here made was exceptional in its character, and is to be governed by the provisions of the special law authorizing it, as was held in the case of *Stovall* v. *Connor*, *ante*, p. 138.

Judgment reversed, and judgment here for defendant.